IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DONNA PROFITT,

                Plaintiff,        Civil Action No.
                                        3:17-CV-0715 (LEK/DEP)

  v.

DR. DONALD S. FREEDMAN, *et al.*,

                Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

DONNA PROFITT, *Pro Se*
122 Gaylord Street
Binghamton, NY 13904

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Donna Profitt has commenced this action against two individuals and one corporation.[1] Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Based upon my consideration of those materials, plaintiff's IFP application is granted, but I recommend that her complaint be dismissed with leave to replead.

## I.    BACKGROUND

Plaintiff commenced this action on or about June 30, 2017. Dkt. No. 1. In her complaint, which was prepared utilizing a form for use in civil actions, plaintiff asserts claims arising under 49 C.F.R. § 40.1 as a result of a drug test administered to her in her capacity as an employee of the United States Department of Transportation ("DOT"). Dkt. No. 1 at 3, 4. More specifically, it appears that plaintiff tested positive for the presence of amphetamine and methamphetamine during a random drug test on some unidentified date as a result of her consumption of Zoloft. *Id.* at 4. Liberally construed, plaintiff's complaint alleges that the specimen plaintiff produced

---

[1]    Plaintiff's complaint is internally inconsistent in naming the corporate defendant. The caption of her complaint identifies the corporate defendant as "American Medical Review Officers, Inc." Dkt. No. 1 at 1. In the portion of the body of the complaint describing defendants, however, the corporate defendant is named as "Physician Medical Review Officer, Inc." *Id.* at 2.

2

was analyzed by defendant Dr. Donald S. Freedman, and the positive test results were sent, without plaintiff's knowledge, to the DOT. *Id.* Defendant Barbra Oakley, defendant Freedman's office manager, is alleged to have erroneously billed plaintiff for the drug test. *Id.* Plaintiff's complaint alleges that her due process rights were violated and seeks recovery of compensatory and punitive damages. *Id.*

II. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that

---

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

plaintiff meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[3]

B. Sufficiency of Plaintiff's Complaint

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e).

1. Standard of Review

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations,

---

[3] Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

4

*Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure.

Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

The basis for plaintiff's claims is somewhat unclear. She claims that this court possesses subject matter jurisdiction over her claims both on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and based upon diversity of citizenship under 28 U.S.C. § 1332. Dkt. No. 1 at 3. The stated basis of her claims appears to be that the governing DOT regulations were violated and that she was denied due process. *Id.* at 3-4.

To the extent plaintiff claims a violation of the DOT regulations, there is no private right of action afforded under those regulations. *See* 49 C.F.R. § 219.17(b) ("Nothing in this part. . . [c]reates a private right of action on the part of any person for enforcement of the provisions of this part or for damages resulting from noncompliance with this part[.]"). Accordingly, those regulations do not independently support a cognizable claim.

As was previously noted, plaintiff's complaint makes reference to the denial of due process. Dkt. No. 1 at 4. To assert a due process violation,

7

plaintiff would have to assert a claim either under 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In either event, however, the defendants, as private actors, are not subject to liability for deprivation of due process. If the action is brought under section 1983,[4] for example, a plaintiff must allege that the defendants were acting under color of state law. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."). Similarly, the governmental action

---

[4] Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

requirement attaches to constitutional claims brought under *Bivens*.[5] *See, e.g., Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("[T]he claim [is] still . . . deficient as a matter of law because the underlying constitutional right that [the plaintiff] asserts – due process under the Fifth Amendment – does not apply to the conduct of private actors who are defendants in this case."). Where a plaintiff fails to allege the requisite governmental action on the part of the defendants named in a complaint, the court may dismiss the action under 28 U.S.C. § 1915(e). *See, e.g., Humphrey v. Rescue Mission*, No. 05-CV-0986, 2005 WL 2437031, at *1 (N.D.N.Y. Sept. 30, 2005) (Scullin, J.). In sum, having carefully reviewed plaintiff's complaint, I conclude that it fails to state a cognizable claim against any of the three defendants named in her complaint.

    C.    <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also*

---

[5]     Although the Supreme Court recently narrowed the scope of cognizable *Bivens* claims in *Ziglar v. Abassi*, 137 S. Ct. 1843, (2017), its holdings did not disturb the requirement that a defendant sued under *Bivens* must be a state actor.

Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

    In this case, it is possible that, with better pleading, plaintiff's complaint could state a cognizable cause of action against the named defendants. Accordingly, I recommend that she be granted leave to amend. If plaintiff chooses to file an amended complaint, she should note

that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to her claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in any constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily

11

supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

## III. SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's IFP application, I find that she is qualified for that status and will therefore grant her motion for leave to proceed without prepayment of fees or costs. Turning to the merits of plaintiff's complaint, I conclude that, at this early juncture, it fails to state a cognizable claim against any of the three named defendants.

Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, with leave to replead within thirty days of the date of any decision and order adopting this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules.

Dated:  August 8, 2017
        Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).