IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DONNA PROFITT,

                Plaintiff,         Civil Action No.
                                                3:17-CV-0715 (LEK/DEP)

    v.

DR. DONALD S. FREEDMAN, *et al.*,

                Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

FOR PLAINTIFF:

DONNA PROFITT, *Pro Se*
122 Gaylord Street
Binghamton, NY 13904

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     This is an action brought by *pro se* plaintiff Donna Profitt originally naming two individuals and one corporation as defendants. Following initial review of plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP"), she was granted leave to

proceed without prepayment of fees, but her complaint was dismissed as failing to state a legally cognizable claim, with leave to replead. Plaintiff has since submitted an amended complaint to the court, and that complaint has once again been forwarded to me for review. Because plaintiff's amended complaint does not cure the deficiencies noted in my earlier report, recommendation, and order, I recommend that it be dismissed without leave to replead.

I.   BACKGROUND

Plaintiff commenced this action on or about June 30, 2017. Dkt. No. 1. Plaintiff's complaint asserted claims under the United States Department of Transportation ("DOT") regulations, including 49 C.F.R. §§ 40.131, 40.137. Plaintiff's complaint centered upon a drug test administered to her in October 2016 that apparently yielded a positive result for the presence of illegal substances and resulted in the loss of her employment as a bus driver. *Id.* at 4.

Plaintiff's complaint and accompanying IFP application were forwarded to me for initial review pursuant to 28 U.S.C. § 1915(e). Based upon that review I granted plaintiff leave to proceed without prepayment of fees, but recommended that her complaint be dismissed, with leave to replead, based upon the fact that no private right of action is created by

the DOT regulations under which her claims were brought. Dkt. No. 4. That recommendation was adopted by order issued by Senior District Judge Lawrence E. Kahn on August 29, 2017. Dkt. No. 5. Under that order plaintiff was granted leave to replead within thirty days of the date of the order.[1]

On November 15, 2017, plaintiff submitted a proposed amended complaint naming Donald S. Freedman and Barbra Oakley as defendants and asserting claims under the same DOT regulations that were the subject of her initial complaint. Dkt. No. 10. Plaintiff's amended complaint cites the same basic underlying facts, and requests reinstatement to her school bus driving position, a public apology, and an award of damages in the amount of $7,000,000. *Id.*

## II.    DISCUSSION

Plaintiff's initial complaint was ambiguous concerning both the nature of her claims and the basis for the court's subject matter jurisdiction, asserting both federal question and diversity of citizenship as grounds for jurisdiction under 28 U.S.C. §§ 1331, 1332, respectively. *See* Dkt. No. 1 at 3. Plaintiff's amended complaint asserts only diversity of citizenship as a

---

[1]    The period for plaintiff to submit an amended complaint was extended twice, at her request. *See* Dkt. No. 7, 9.

basis for jurisdiction, and satisfies the requirements of 28 U.S.C. § 1332, since it appears from the allegations set forth in the complaint that plaintiff and defendants are citizens of different states, and the amount at stake exceeds $75,000.

Plaintiff's amended complaint, however, does not cure the substantive deficiencies noted in my initial report, recommendation, and order. Specifically, plaintiff's claims once again are predicated upon alleged violation of DOT regulations, including those set forth above. As was discussed in my initial report, recommendation, and order, there is no private right action afforded under those regulations. *See* 49 C.F.R. § 219.17(b) ("nothing in this part . . . [c]reates a private right of action on the part of any person for enforcement of provisions of this part or for damages resulting from non-compliance with this part[.]"). Accordingly, plaintiff's amended complaint again fails to state a cognizable claim, and is therefore subject to dismissal.

As was noted in my initial report, recommendation, and order, ordinarily a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R.

Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

    In this instance, plaintiff has been granted leave to replead and was specifically informed of the fact that the DOT regulations at issue do not provide a private right of action. Plaintiff has nonetheless submitted an amended complaint basing her claims on those same regulations.

Accordingly, since plaintiff has once been given an opportunity to amend her complaint but has failed to state a cognizable claim, I recommend that plaintiff not be granted an additional leave to replead.

### III. SUMMARY AND RECOMMENDATION

Plaintiff's initial complaint in this action was dismissed with leave to replead. In the report, recommendation, and order upon which that dismissal was based, plaintiff was specifically advised of the fact that the DOT regulations cited in her initial complaint do not provide a basis for a private right of action for damages. After having been granted leave to replead, plaintiff filed an amended complaint in which she again asserted claims under those same DOT regulations. Because those regulations do not support a private right of action, I find that plaintiff's amended complaint fails to state a cognizable claim against the two named defendants. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, and that plaintiff not be granted an additional opportunity to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules.

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

Dated:   January 10, 2018
         Syracuse, New York

---

[2]   If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).